HOOD, Judge.
Walter Hughes, Jr., seeks to recover benefits alleged to be due under an accident insurance policy issued by defendant, Colonial Life and Accident Insurance Company. He also claims penalties and attorney’s fees. The trial judge rendered judgment awarding plaintiff the policy benefits claimed, but rejecting his demands for penalties and attorney’s fees.
Plaintiff appealed, seeking to recover penalties and attorney’s fees. Defendant answered the appeal, praying that all of plaintiff’s demands be rejected.
The issues presented are whether plaintiff’s disability resulted from an accident which occurred while the policy was in effect, and whether he is entitled to recover penalties and attorney’s fees under LSA-R.S. 22:657.
On January 10,1975, plaintiff slipped and fell over a garbage can, landing on his back and side, while he was working as a garbage collector for the City of Pineville. He was hospitalized for about seven days thereafter, and he has received medical treatment periodically since that time. He sustained a lumbosacral strain as a result of that fall, and he contends that he has been totally disabled since the date of the accident.
At the time plaintiff fell there was in effect an employee’s accident insurance policy issued by Colonial Life and Accident Insurance Company, which insured plaintiff against loss “resulting directly, independently and exclusively of all other causes from bodily injuries effected solely by accident during the term of this policy . .” The policy excludes coverage for “any loss caused directly or indirectly by disease (insect borne or otherwise) or bodily or mental infirmity, or medical or surgical treatment or diagnostic procedure therefor.” It provides for monthly payments of varying amounts during the period of the insured’s disability.
Hughes was 39 years of age when the accident occurred. He was obese, weighing more than 400 pounds, and he was suffering from degenerative arthritis, hypertension and a heart condition described as cardiac decompensation or congestive failure. All of those conditions existed before he fell on *241 January 10, 1975, and they thus were not caused or brought about by the accident.
The record contains the depositions of a general surgeon and of two orthopedic surgeons. The general surgeon, who treated plaintiff for his obesity and hypertension, expressed no opinion as to whether he was disabled or whether the fall he sustained aggravated his pre-existing conditions. Both of the orthopedic surgeons felt that plaintiff was disabled, primarily because of his pre-existing obesity and arthritic condition. Their testimony was somewhat inconclusive as to whether plaintiff’s present disability was caused by the fall which he sustained on January 10, 1975, but they conceded that it was possible that plaintiff’s pre-existing condition was aggravated by his fall.
The applicable rule is stated in Martin v. American Benefit Life Insurance Company, 294 So.2d 200 (La.1974), as follows:
“The rule to be applied in such cases was stated to be that if there is a pre-ex-isting disorder or illness at the time an injury is received, recovery may be had if the injury is severe enough to have caused considerable damage and if the disease was not the proximate cause or principal cause of the disability.”
We have concluded that the medical evidence, although inconclusive in some respects, supports the finding of the trial court that the fall which Hughes sustained on January 10, 1975, aggravated his previously existing arthritic and heart conditions, and that the aggravation of those conditions, combined with his obesity, has rendered him totally disabled. We thus find no error in that part of the judgment which condemns defendant to pay plaintiff the benefits provided in the policy for total disability. See Thibodeaux v. Pacific Mutual Life Insurance Company, 237 La. 722, 112 So.2d 423 (1959); Moore v. Prudential Insurance Company of America, 278 So.2d 481 (La.1973), and Mitchell v. Equitable Equipment Company, 330 So.2d 919 (La.1976).
The trial judge also held that “in light of plaintiff’s pre-existing conditions of arthritis and obesity, there was a bona fide dispute as to the cause of plaintiff’s disability warranting judicial determination.” For those reasons he rejected plaintiff’s demand for penalties and attorney’s fees.
LSA-R.S. 22:657 requires that claims under accident policies shall be paid promptly “unless just and reasonable grounds, such as would put a reasonable and prudent business man on his guard, exist.” The failure to comply with that requirement subjects the insurer to the penalties therein provided.
We agree with the trial judge that sufficient grounds existed in the instant suit to justify defendant’s refusal to pay benefits until a judicial determination of plaintiff’s claim could be made. There is no error in that part of the trial court’s judgment, therefore, which rejects plaintiff’s demand for penalties and attorney’s fees. See Martin v. American Benefit Life Insurance Company, supra.
For the reasons assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
AFFIRMED.
DOMENGEAUX, J., concurs in part and dissents in part and assigns brief reasons.