452 So.2d 258 (1984)
Victor O. BENINTENDE
v.
FIRST PROTECTION LIFE INSURANCE COMPANY.
No. 83-CA-830.
Court of Appeal of Louisiana, Fifth Circuit.
May 30, 1984.
Gerald Martinez, Metairie, for plaintiff/appellee.
Bettyanne Lambert-Bussoff, New Orleans, for defendant-appellant.
Before BOWES, GAUDIN and GRISBAUM, JJ.
BOWES, Judge.
Defendant appeals from a judgment of the District Court decreeing that defendant acted arbitrarily and capriciously and awarding plaintiff penalties and attorney's fees under Louisiana Revised Statute 22:657. This is the sole specification of error. We affirm.
Victor Benintende was issued a credit life, accident, and health policy at the time he purchased a new automobile, in June, 1977. The policy excluded coverage for pre-existing medical conditions. In September *259 of 1977, plaintiff suffered an injury which was eventually disabling. An operative report and subsequent medical report referred to "several episodes of low back pain and muscle spasms" during the previous year; the reports also mentioned a back injury suffered by plaintiff in 1969. As a result of these reports, defendant First Protection Life Insurance Company in December of 1977 denied coverage under its policy. In January, 1978, plaintiff filed suit for his monthly benefits.
In June, 1978, there was apparently an aborted settlement as defendant filed a rule to enforce this settlement, which was denied. In November of 1978, plaintiff filed a supplemental and amending petition requesting additional payments under the policy, penalties, attorney's fees, and general damages for humiliation and embarrassment, for a replacement vehicle, and for automobile rental charges. The supplemental petition grew out of a seizure and subsequent sale of plaintiff's auto for failure to pay the monthly notes due. Subsequently, another settlement was negotiated, for the policy limits, which plaintiff ultimately refused because the settlement check included the lienholder, GMAC, as a payee.
Defendant again sought to enforce the settlement in the trial court, depositing a check for the policy limits in the Registry of the court. The court found in favor of defendant in May 1980 and plaintiff appealed. The Fourth Circuit Court of Appeals reversed, on the issue that the compromise had not been reduced to writing so as to be enforceable.[1]
In February, 1983, plaintiff filed a motion to set for trial. The trial was conducted in May 1983, at which time the following stipulation was entered:
MR. MARTINEZ: Well, if we are going to stipulate that he was injured on the job and that this injury was covered by the policy I have no need for that testimony. We can stipulate to this?
MS. BUSSOFF: Yes.
MR. MARTINEZ: Okay.
MS. BUSSOFF: Let me reserve for the record, I'm reserving my rights at the time this matter started we did not feel that way but at this point in time at the time of trial since we attempted to pay this we obviously would stipulate to the underlying reasons.
There is nothing in the record to indicate that First Protection had any other evidence, in addition to the aforementioned medical reports, to substantiate their stance that Mr. Benintende's complaints were due to a pre-existing medical condition. The reports themselves do not attribute the injuries of September 1977 to prior back problems and not one doctor or witness of any kind was called to establish the defendant's position. In fact, there is an absolute absence of evidence of any kind to establish their defense to plaintiff's claim.
The defendant cites Hughes v. Colonial Life & Accident Insurance Company, 345 So.2d 239 (La.App. 3d Cir.1977) in which the court stated where an insured's pre-existing medical condition may serve as the proximate or principal cause of the disability, a bona fide dispute exists which will serve as just and reasonable grounds such as would put a reasonable and prudent businessman on his guard and justifies a refusal to pay benefits under a policy of insurance. The same court in Smith v. Reserve National Insurance Company, 370 So.2d 186 (La.App. 3d Cir.1979) held, however, that an insurer does not have a reasonable basis for withholding hospitalization benefits where a claims manager informed the insured of the denial of her claims based upon grounds that the medical problem pre-dated the policy dates but no further investigation or testimony was presented in that connection.
During the lengthy period of time between the initial suit and the final trial, there is no indication that defendant undertook any further investigation to confirm or strengthen its conclusions. The mention of prior back problems, while possibly sufficient to justify an initial refusal of payment, *260 cannot suffice to warrant the continuous failure to honor the policy over the next five years. Defendant had the obligation in the present case either to verify by competent medical evidence that the injury was caused by or at least related to a previous medical problem, or to pay under the policy. Failure to do one or the other subjects the insurer to the penal provisions of R.S. 22:657.
Whether the insurer denied plaintiff's claim, on just and reasonable grounds, such as would put a reasonable man on his guard, is a question of fact. Poche v. Louisiana Health Services & Indemnity, 391 So.2d 17 (La.App. 3rd Cir. 1980). Each case must be considered on its own facts and circumstances. Lucito v. Louisiana Hospital Service, Inc. 392 So.2d 700 (La.App. 3rd Cir.1980).
Under the facts and circumstances of this case, and weighing defendant's quoted stipulation in conjunction with the complete lack of any competent evidence and the long delay involved, we affirm the trial judge's finding that defendant was arbitrary and capricious under R.S. 22:657.
Our holding that defendant lacked sufficient basis for its refusal to timely tender payment is determinative of the issue raised by defendant that it should be relieved of penalties, etc., because it attempted to settle the matter and placed the settlement decreed by the lower court into the registry of the Court without any restrictions on its withdrawal by plaintiff. The settlement check was deposited in the Court's registry long after the 30-day grace period of R.S. 22:657. Also, such compromise efforts do not relieve defendant of the burden of proving just and reasonable grounds.
Additionally, we note that all such settlement drafts were directed to both plaintiff and GMAC. GMAC is not a party to this suit and we are not called upon to determine its rights in this matter. However, the policy in question was contracted between insurer and insured, and it is to the insured that defendant owes its primary obligation of timely payment. This obligation was not met, and defendant is consequently liable to plaintiff for penalties and attorney's fees as assessed.
Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] Benintende v. First Protection Life Insurance Co., (Slip Op. Feb. 16, 1982).