471 So.2d 984 (1985)
Michael BARRILLEAUX
v.
Joe LALONDE, Brown Insurance Agency, and Proprietors Life Assurance Company.
No. CA 84 0673.
Court of Appeal of Louisiana, First Circuit.
June 25, 1985.
Charles B. Plattsmier, Hunter & Plattsmier, Morgan City, for plaintiff.
John Blackwell, Gibbens & Blackwell, New Iberia, for Joe Lalonde and Clarkson A. Brown, Jr., d/b/a Brown Ins. Agency, original defendants and third party plaintiffs, third party defendants.
Robert E. Leake, Jr. and Matthew A. Wellman, Hammett, Leake & Hammett, New Orleans, for Proprietors Life Assur. Co.
Before GROVER L. COVINGTON, C.J., and LOTTINGER and JOHN S. COVINGTON, JJ.
LOTTINGER, Judge.
This is a suit by Michael Barrilleaux against Proprietors Life Assurance Company (Proprietors Life), Joe Lalonde and Brown Insurance Agency for an unpaid claim under a health insurance policy. Joe Lalonde and Clarkson A. Brown, Jr., as the *985 employee and the owner of the agency handling the policy, filed a third party demand against Proprietors Life. In turn Proprietors Life filed a third party demand against Lalonde and Brown, and additionally filed a reconventional demand against Lalonde and Brown. On the day of the trial, Proprietors Life paid the claim, and the only issue tried was that of penalties and attorney fees under La.R.S. 22:657. From a judgment awarding penalties and attorney fees against Proprietors Life and absolving Lalonde and Brown of any liability, Proprietors Life has appealed.

FACTS
In April of 1982, in an effort to lower their premium costs, Mr. and Mrs. Barrilleaux changed their medical insurance coverage from their then existing insurer to Proprietors Life. In answering a question on the application form as to whether Mr. Barrilleaux "had known indications of ... disorder of the back," Mr. Barrilleaux told Mr. Lalonde, the agent, that he had suffered pulled muscles in his back. Lalonde remarked that this was "no big deal" and answered the question in the negative. Because of this, the Barrilleauxs did not mention the name of the doctor who had treated the "pulled muscles." In July of 1982 Mr. Barrilleaux experienced severe lumbosacral pain radiating into his lower right extremity. This was diagnosed as a herniated nucleus pulposus and surgery was performed. On November 3, 1983, because of alleged inaccuracy on the application, Mr. Barrilleaux was informed that coverage was being rescinded. The trial judge believed the Barrilleauxs' version of what happened during the application interview, and concluded that Proprietors Life was arbitrary and capricious and thus awarded penalties and attorney's fees. At the same time the trial judge found no fault on the part of the agent or the agency, and thus dismissed Proprietors Life's third party demand.

I
Our review of the record convinces us that the trial judge was correct in his creditability call as to the facts surrounding the application interview.

II
This suit to seek recovery was filed by plaintiff on April 22, 1983. Prior to the petition being filed, a claim was filed by plaintiff. On August 24, 1983, the trial court ordered the trial fixed for November 3, 1983. Proprietors Life, on October 11, 1983, elected to depose the plaintiff and his wife on October 19, 1983, less than one month before the trial date. The underwriting manager for Proprietors Life testified that the decision to pay the claim was made after the deposition of plaintiff and his wife.
We conclude that the trial judge in awarding penalties and attorney's fees was of the opinion that the failure to adequately and timely investigate the plaintiff's claim amounted to an arbitrary and capricious refusal to pay under La.R.S. 22:657. Proprietors Life cites Holland v. Louisiana Health Service and Indemnity Company, 372 So.2d 655 (La.App. 1st Cir. 1979), which we conclude is not controlling. As this court said in Lapeyrouse v. Pilot Life Insurance Company, 369 So.2d 1128, 1132 (La.App. 1st Cir.1979), "when an insurer chooses to resist liability based on a supposed defense, which a reasonable investigation would have proved to be without merit, it will be liable for statutory penalties." The lack of a reasonable investigation of this claim has proved to be fatal.

III
We find no error on the part of the trial judge in concluding that there was no liability on the part of Lalonde and the agency. The agency tried several times to have the claim paid.
Therefore, for the above and foregoing reasons the judgment of the trial court is affirmed at defendant-appellant's costs.
AFFIRMED.