STOKER, Judge.
Old Southern Life Insurance Company appeals a judgment awarding the plaintiff $7,116.79 under two health insurance policies and $3,500 in attorneys fees.
FACTS
Patricia Pinder took out two health insurance policies with Old Southern. One afforded basic coverage; one was a major medical policy.
Ms. Pinder saw Dr. L.R. Collier in March 1983 because she had had pelvic pain and a fever for two to three weeks. In October 1982, her pap smear had been normal. In March 1983, her pap smear showed Grade 2 changes, indicating problems. Dr. Collier had her hospitalized from March 14 to March 18 for tests. He diagnosed Pelvic Inflammatory Disease (PID), and treated Ms. Pinder with antibiotics. When her condition failed to improve, Dr. Collier again hospitalized her and performed a hysterectomy.
Ms. Pinder made a claim with Old Southern for her medical expenses. Coverage was denied. Dr. Collier had noted in a March 28, 1983 report that “the procedure is indicated because this lady has had recurrent PID since 1975.” The insurer understood this to be evidence of a pre-exist-ing condition, which would be excluded from coverage.
Ms. Pinder sued Old Southern for $7,116.70, plus penalties and attorneys fees for arbitrary and capricious failure to pay the benefits claimed. The trial judge was convinced that Ms. Pinder did not have a pre-existing condition, and awarded her $7,116.79. However, he found that the insurer was not arbitrary and capricious, and denied the penalty. He did award the plaintiff $3,500 in attorneys fees.
Both parties moved for a new trial. The defendant did not contest the finding of coverage, but argued that the judge’s calculations were wrong, and that he had erred in awarding the plaintiff attorneys fees in the absence of arbitrary and capricious action by the insurer. The plaintiff argued that the insurer was indeed arbitrary and capricious, and that she was therefore entitled to penalties and attor *823 neys fees. In a second opinion, the trial judge found that the insurer was arbitrary and capricious, and affirmed his award of attorneys fees.
Both parties appeal. The defendant cites errors in the trial court’s calculation of benefits due to Ms. Pinder and in the finding that the insurer’s actions were arbitrary and capricious. The plaintiff asks for the statutory penalty and an increase in attorneys fees.
BENEFITS DUE
The trial judge awarded Ms. Pinder $7,116.79, the total of the two hospital bills and two doctor bills in evidence. Both parties agree that not all of the expenses incurred were covered by the insurance policies. However, both compute the amount due in different manners and arrive at different sums. Our calculations indicate that the plaintiff’s proof adequately sustains her claim for $4,840.96, as set out in both her post-trial memorandum and her appellate brief. Therefore, we amend the trial court’s judgment to award her that sum in benefits under the two policies.
PENALTY AND ATTORNEYS FEES
The defendant based its decision to deny benefits on a notation by Dr. Collier stating that Ms. Pinder “has had recurrent PID since 1975.” In his deposition the doctor admits that the note was made in error. There was no evidence that Ms. Pinder had PID in October 1982, the last time she visited the doctor before her PID symptoms began. Of course, the insurer did not know this when it denied Ms. Pinder’s claim. However, Old Southern did receive a letter written by Dr. Collier on July 19, 1983, in which he stated he had “found no pelvic pathology on this lady until 3-14-83.”
Under LSA-R.S. 22:657, an insurer must pay a claim within the specified time “unless just and reasonable grounds, such as would put a reasonable and prudent business man on his guard, exist.” Failure to comply with these provisions subjects the insurer to a penalty of double the amount of benefits due to the claimant, and attorneys fees.
The trial judge ultimately concluded that Old Southern was arbitrary and capricious in denying Ms. Pinder’s claim. We agree. When an insurer chooses to resist liability based on a supposed defense, which a reasonable investigation would have proved to be without merit, it will be liable for statutory penalties. Matthews v. Coastal States Life Insurance Co., 291 So.2d 475 (La.App. 3d Cir.1974). Old Southern received information which put it on notice that its position in refusing the plaintiff’s claim might have been unjustified, yet the insurer failed to investigate the situation. The company’s continued denial was not reasonable under the circumstances.
In light of the insurer’s unjustified refusal to pay the plaintiff, the statutory penalty should have been imposed. We will amend the trial court’s judgment to award the plaintiff double the amount of the benefits she is otherwise entitled to receive under her insurance policies.
The trial court awarded the plaintiff attorneys fees of $3,500. This award was within the judge’s discretion. We feel that the award is adequate to compensate the plaintiff’s attorney for his efforts on appeal. Plaintiff filed a brief with this court, but no appearance was made at the hearing for oral argument.
CONCLUSION
We amend the judgment to award to the plaintiff the sum of $9,618.92 ($4,840.96, plus the statutory penalty) and attorneys fees of $3,500. Costs of both the trial court and of this appeal are assessed against the defendant.
AFFIRMED AS AMENDED.