505 So.2d 206 (1987)
Aubrey G. PERKINS, et al., Plaintiff-Appellee,
v.
UNITED AMERICAN INSURANCE COMPANY, et al., Defendants-Appellants.
No. 86-403.
Court of Appeal of Louisiana, Third Circuit.
April 8, 1987.
Rehearing Denied April 29, 1987.
*207 Russell L. Potter, of Stafford, Stewart and Potter, Alexandria, for defendants-appellants.
Michael I. Murphy, Natchitoches, for plaintiff-appellee.
Before DOMENGEAUX, GUIDRY and STOKER, JJ.
DOMENGEAUX, Judge.
This is a proceeding to recover benefits under a hospitalization insurance policy which the defendant, United American Insurance Company, issued to Aubrey G. Perkins. United American appeals the district *208 court's judgment in favor of the plaintiff, Aubrey G. Perkins, who sued individually and on behalf of his minor daughter, Charmaine S. Perkins. The court awarded the plaintiff benefits under the policy as well as penalties and attorney's fees.
On July 24, 1983, George Gorsulowsky, an agent for United American, and Bonnie Ferrier, an employee of Mr. Gorsulowsky, solicited the purchase of a hospitalization insurance policy at the Perkins' home. At that time, Mr. Perkins applied for the policy with United American to provide coverage for himself, his wife, Wanda F. Perkins, and for Charmaine.
United American issued a policy to Mr. Perkins on the basis of this application. Subsequently, Mr. Perkins and Charmaine Perkins incurred medical and hospital expenses which were timely submitted to United American for payment under the policy. United American denied Mr. Perkins' claim for $4,048.70 and Charmaine Perkins' claim for $483.77, alleging that the entire policy was void due to the material misrepresentation of Charmaine Perkins' height and weight in the application for insurance. The application for insurance lists Charmaine Perkins' height as being 5 feet 8 inches, and her weight as being 160 pounds. The report of Doctor Nagalla in support of Charmaine Perkins' claim for treatment received in November, 1983, showed her height to be 5 feet 6 inches and her weight to be 234.5 pounds. Mr. Perkins then brought this suit to recover the benefits claimed under the policy and for penalties and attorney's fees under La.R.S. 22:657.
On appeal United American alleges that the trial judge committed error in the following respects:
(1) In finding that United American failed to prove that the material misrepresentation of Charmaine Perkins' height and weight was made with the intent to deceive the insurer;
(2) In allowing George Gorsulowsky, a lay witness, to give opinion evidence concerning whether there was an intent to deceive the insurance company in the application for insurance; and
(3) In awarding penalties and attorney's fees to the plaintiff based on the finding that United American unreasonably denied the claims under the policy.
The law governing an insurer's ability to defeat a claim based on misrepresentation in the application for insurance is found in La.R.S. 22:619. That statute provides in pertinent part:
"A. Except as provided in Sub-section B of this Section and R.S. 22:692, no oral or written misrepresentation or warranty made in the negotiation of an insurance contract, by the insured or in his behalf, shall be deemed material or defeat or avoid the contract or prevent it attaching, unless the misrepresentation or warranty is made with the intent to deceive.
B. In any application for life or health and accident insurance made in writing by the insured, all statements therein made by the insured shall, in the absence of fraud, be deemed representations and not warranties. The falsity of any such statement shall not bar the right to recovery under the contract unless such false statement was made with actual intent to deceive or unless it materially affected either the acceptance of the risk or the hazard assumed by the insurer."
In Jamshidi v. Shelter Mutual Insurance Company, 471 So.2d 1141 (La.App. 3rd Cir.1985) this Court made the following statements with respect to La.R.S. 22:619:
"The jurisprudence interpreting this statute places the burden of proof upon the insurer. The statute provides that a false statement bars recovery only if the insurer proves it is made with the intent to deceive or if it materially affects the risk. However, Louisiana jurisprudence requires proof of both factors. Antill v. Time Ins. Co., 460 So.2d 677 (La.App. 1st Cir.1984); Coleman v. Occidental Life Ins. Co. of N.C., 418 So.2d 645 (La. 1982)."
The insurer, therefore, must meet a three-tiered burden to avoid liability based on a statement in the application for insurance. As stated by the court in Martin v. *209 Security Industrial Insurance Co., 367 So.2d 420 (La.App. 2nd Cir.1979), "First, it must be shown that the statements were false. Second, the insurer must establish that the representations were made with an actual intent to deceive. Third, the insurance company must establish that these misstatements materially affect the risk assumed by the insurer. `Material' means that the statements must have been of the nature that, had it been true, the insurer either would not have contracted or would have contracted only at a higher premium rate."
In this case the trial judge concluded that United American met its burden of proving the falsity of its statements made concerning Charmaine Perkins' height and weight, and of proving that the statements materially affected the risk which it assumed. The record fully supports these conclusions.
The trial judge also concluded, however, that United American failed to prove that the statements concerning Charmaine Perkins' height and weight were made with the intent to deceive. In Jamshidi v. Shelter Mutual Insurance Co., supra, this Court discussed the intent to deceive requirement stating the following:
"The difficulty of proving intent to deceive is recognized by the courts, thus the courts look to the surrounding circumstances indicating the insured's knowledge of the falsity of the representation made in the application and his recognition of the materiality of his misrepresentations, or from circumstances which create a reasonable assumption that the insured recognized the materiality. Henry v. State Farm Mut. Auto. Ins. Co., 465 So.2d 276 (La.App. 3rd Cir. 1985); Davis v. State Farm Mut. Auto. Ins. Co., 415 So.2d 501 (La.App. 1st Cir. 1982); Cousin v. Page, 372 So.2d 1231 (La.1979)."
We therefore must look at the circumstances surrounding the making of the insurance application in this case.
The evidence presented at trial shows that Mrs. Ferrier initiated the contact with the Perkins family on behalf of Mr. Gorsulowsky. It also shows that when Mr. Gorsulowsky and Mrs. Ferrier went to the Perkins' home they met Mr. Perkins, Mrs. Perkins, and Charmaine Perkins. Mr. Gorsulowsky and Mrs. Ferrier both testified that they saw Charmaine Perkins at that time. In fact Mr. Gorsulowsky testified that it was very important and necessary that he physically see all of the people who are applying for coverage under a United American policy, indicating that the reason for this is to detect deception.
In reaching his conclusion, the trial court relied heavily on the testimony of Mr. and Mrs. Perkins. Mrs. Perkins stated that after Mr. Gorsulowsky and Mrs. Ferrier arrived, she and Mr. Perkins sat down and filled out the insurance application. She indicated that when the application's questions were being asked Charmaine was not in the room. Mr. and Mrs. Perkins both testified that they were uncertain of Charmaine's weight at the time the application was completed. Mrs. Perkins further testified that she offered to obtain Charmaine's weight using the bathroom scales, but that Mr. Gorsulowsky and Mrs. Ferrier said that that would not be necessary. Mrs. Perkins then testified that she could not remember exactly how the figure used on the application was arrived at, but that she probably guessed at Charmaine's weight.
Mrs. Ferrier verified the testimony of Mrs. Perkins, specifically indicating that she recalled Mrs. Perkins' offer to determine Charmaine's weight using the bathroom scales.
George Gorsulowsky and Tim Gorsulowsky testified that they did not recall Mrs. Perkins' offer to have Charmaine weigh herself.
The trial court concluded from this testimony that Mr. and Mrs. Perkins did not know their daughter's weight when the application was made, that the offer to obtain a scale was an honest attempt to obtain this information, and that the statement of Charmaine's weight was not known to be false when made. The record fully supports the trial court's conclusions.
*210 United American argues here that Mrs. Perkins testified that the scale was broken at the time the application for insurance was made and that, therefore, this offer does not tend to negate an intent to deceive. We disagree. An accurate reading of Mrs. Perkins' testimony reveals that Mrs. Perkins stated that the scale did not work because it was "off some." The trial judge considered the offer to be sincere and we cannot say that because Mrs. Perkins indicated that the scale was not precise that he was clearly wrong. Mrs. Perkins' offer to have Charmaine weigh herself does tend to negate a showing of an intent to deceive because it manifests a desire to obtain the correct information in the best possible way then available.
We cannot conclude, given the evidence of the circumstances surrounding the representation of Charmaine's height and weight, that the trial judge was manifestly erroneous in concluding that there was no intent to deceive the insurer. Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978).
United American also alleges that the trial court erred in allowing Mr. Gorsulowsky, a lay witness, to give opinion evidence concerning whether the statement of Charmaine's height and weight was made with the intent to deceive.
During the presentation of evidence, the trial court permitted Mr. Gorsulowsky to respond to the following question over the objection of United American:
"If in fact the Perkins had offered to weigh Charmaine, and for some reason this was not done and an estimate was given as far as her weight, would you feel that these people were attempting to deceive you as far as what her weight was?"
Mr. Gorsulowsky had previously testified that he could not recall Mrs. Perkins' offer to weigh Charmaine.
We first note that opinion testimony of a lay witness is generally excluded. However, any witness may testify to opinions or inferences which are based on the rational perception of facts by the witness and are helpful to a clear understanding by the fact-finder of the testimony of a witness or to the determination of a factual issue. Lancon v. Vallot, 459 So.2d 1360 (La.App. 3rd Cir.1984).
Under the unique facts of this case we cannot say that the trial judge was wrong in admitting this testimony. Mr. Gorsulowsky testified that he was present the entire time the application was being made, and that he met Charmaine when he first arrived. He further testified that it was necessary to physically see every applicant for insurance in order to detect deception. It was also proven that Mrs. Perkins did offer to weigh Charmaine while Mr. Gorsulowsky was present. Given these facts, we conclude that Mr. Gorsulowsky could respond to this question because he was in a position to observe all the facts necessary to allow him to give competent opinion evidence with respect to Mr. and Mrs. Perkins' intent to deceive. The trial court, therefore, did not err in allowing this testimony.
In its final assignment of error, United American alleges that the trial judge erred in awarding penalties and attorney's fees to the plaintiff based on its finding that United American unreasonably denied claims under the policy.
A court can award penalties and attorney's fees to a claimant under a hospitalization insurance policy under the authority of La.R.S. 22:657. That statute provides in pertinent part the following:
"A. All claims arising under the terms of health and accident contracts issued in this state, except as provided in Subsection B, shall be paid not more than thirty days from the date upon which written notice and proof of claim, in the form required by the terms of the policy, are furnished to the insurer unless just and reasonable grounds, such as would put a reasonable and prudent business man on his guard, exist. The insurer shall make payment at least every thirty days to the assured during that part of the period of his disability covered by the policy or contract of insurance during which the insured is entitled to such payments. Failure to comply with the provisions *211 of this Section shall subject the insurer to a penalty payable to the insured of double the amount of the health and accident benefits due under the terms of the policy or contract during the period of delay, together with attorney's fees to be determined by the court. The district court of the parish where the insured lives or has his domicile shall have jurisdiction to try such cases."
Thus, failure to make payment within thirty days of written notice and proof of claim subjects the insurer to penalties and attorney's fees, unless just and reasonable grounds exist to find no coverage, such as would put a reasonable and prudent businessman on guard.
Whether the insurer denied plaintiff's claims on just and reasonable grounds, such as would put a reasonable and prudent businessman on his guard, is a question of fact. Benintende v. First Protection Life Insurance Company, 452 So.2d 258 (La.App. 5th Cir.1984).
As already indicated, under La.R.S. 22:619 an insurer cannot avoid payment of claims under an insurance contract because of a statement in the insurance application unless it can prove that the statement was false, that the statement materially affected the risk the insurer assumed, and that the statement was made with the intent to deceive. The insurer has the burden of proving each of these elements. An insurer cannot deny payments based on La.R.S. 22:619 without having a reasonable basis to believe that each element exists. An insurer's belief that a statement on an insurance application is false is not, by itself, a sufficient basis to deny payment. The insurer must verify, through reasonable investigation, that there is a reasonable basis to believe that each element of its defense exists. As stated by the court in Barrilleaux v. Lalonde, 471 So.2d 984 (La.App. 1st Cir.1985), citing Lapeyrouse v. Pilot Life Insurance Company, 369 So.2d 1128 (La.App. 1st Cir.1979), "When an insurer chooses to resist liability based on a supposed defense, which a reasonable investigation would have proved to be without merit, it will be liable for statutory penalties."
In this case the evidence reveals that United American denied the Perkins' claims because of the representation of Charmaine's height and weight in the application. United American failed, however, to show that it made any attempt to determine whether this statement concerning Charmaine's weight was made with the intent to deceive. For instance, there is no evidence that the company had contacted its agent to determine the circumstances surrounding the making of the application. We cannot conclude, therefore, that United American had just and reasonable grounds to deny payment when it was relying on La.R.S. 22:619 and when it had no information whatsoever concerning an intent to deceive. Therefore, the trial court did not err in awarding penalties and attorney's fees in this case.
For the above and foregoing reasons the judgment of the district court is affirmed.
Costs on appeal shall be assessed against the defendant.
AFFIRMED.